# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALEXIA KNOX,**

    **Plaintiff,**

    v.                                                           **Case No. 18-CV-969**

**MARY KUHNMUENCH,**
**et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION SCREENING COMPLAINT

On June 26, 2018, Alexia Knox filed a *pro se* complaint against three Milwaukee County Circuit Court judges (Mary Kuhnmuench, Marshall Murray, and Richard Sankovitz), a guardian ad litem (Graham Wiemer), her ex-husband (Alif Richardson), and Celeste Arnotti. Knox alleges claims against these defendants stemming from a child custody dispute between Knox and Richardson. (Docket # 1.) This matter comes before me on Knox's motion to proceed without prepaying the filing fee. (Docket # 2.) For the reasons stated below, I will grant Knox's motion to proceed without prepaying the filing fee. However, because the court lacks subject matter jurisdiction over the case, I recommend the complaint be dismissed.

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

In her declaration, Knox states that she is not married and has four minor dependents. (Docket # 2 at 1.) Knox is unemployed; however, she receives $700.00 per month in child support and $650.00 per month in property rental. (*Id.* at 2.) Knox lists monthly expenses of $1,810.00. (*Id.* at 3.) While Knox owns a home valued at approximately $30,000.00 and a vehicle valued at approximately $5,000.00, she has only $22.33 in a checking, savings, or other similar account. (*Id.*) Knox owns no other property of value and states that she also has student loans totaling $135,000.00

and receives FoodShare. (*Id.* at 4.) Based on the information provided, I am satisfied that Knox is indigent for purposes of the *in forma pauperis* statute.

My analysis, however, does not end there. A complaint must be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

Again, Knox's complaint alleges claims against the defendants, all who have played a role in a child custody dispute between herself and her ex-husband that took place in Milwaukee County Circuit Court. Knox filed a substantially similar complaint in this Court in November 2017 in Case No. 17-CV-1637. Judge Adelman dismissed Knox's complaint on the grounds that many of Knox's claims involved alleged misconduct by state court judges and guardians ad litem that occurred during proceedings in Milwaukee County Circuit Court. Thus, to the extent Knox asked to set aside judicial ruling made during those proceedings, her claims were barred by the *Rooker-Feldman* doctrine, which bars claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). (Docket # 4 at 2 in Case No. 17-CV-1637). Judge Adelman also found that Knox's claims against her ex-husband Richardson and Arnotti did not state a claim under 42 U.S.C. § 1983 because they were not acting under color of state law. (*Id.* at 2, 4.)

Judge Adelman's analysis under the *Rooker-Feldman* doctrine applies with equal force to Knox's current complaint. Knox's request for relief states that she is seeking "declaratory relief voiding previous and current orders." (Docket # 1 at 11.) She does not ask for any monetary

damages or any other relief, beyond generally requesting "other relief the court deems appropriate and for such other relief to which plaintiff is entitled at law or in equity." (*Id.*) Under the *Rooker-Feldman* doctrine, "[c]laims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). Because Knox's claims are barred by the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over the case. *Id.* Thus, I recommend the complaint be dismissed.[1]

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 29th day of June, 2018.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Knox's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).