# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEXIA KNOX,

                Plaintiff,

v.

MARY KUHNMUENCH,
MARSHALL B. MURRAY, RICHARD
J. SANKOVITZ, GRAHAM P.
WIEMER, ALIF RICHARDSON, and
CELESTE ARNOTTI,

                Defendants.

Case No. 18-CV-969-JPS

**ORDER**

      Plaintiff Alexia Knox ("Knox") filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. (Docket #1). She consented to the jurisdiction of Magistrate Judge Nancy Joseph, who has screened her complaint pursuant to 28 U.S.C. § 1915A and recommends to this Court that it be dismissed. (Docket #5); *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461 (7th Cir. 2017). Knox filed objections to that recommendation, (Docket #6), which the Court will now address. This Court reviews a party's specific written objections to a report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3).

      Summarized briefly, Knox's claims arise from a child custody dispute in Milwaukee County Circuit Court between herself and her ex-husband which involves events occurring in both Wisconsin and Georgia. Knox names as defendants three Milwaukee County Circuit Court judges, Mary Kuhnmuench, Marshall Murray, and Richard Sankovitz. She also names a guardian ad litem appointed by the state court, Graham Wiemer

("Wiemer"), her ex-husband, Alif Richardson, and an employee at the Georgia Preferred Family Resource Center, Celeste Arnotti ("Arnotti"). She accuses the judges, who oversaw her many rounds of divorce and child custody proceedings, of bias and of taking actions outside their jurisdiction. She alleges that her ex-husband, Wiemer, and Arnotti committed fraud on the state court by misrepresenting various facts. She also believes that Wiemer and Arnotti did not properly carry out their duties with respect to her child custody issues.

Magistrate Joseph found that the *Rooker–Feldman* doctrine bars Knox's suit. (Docket #4 at 3–4). That doctrine provides that a plaintiff may not sue in federal court for injuries inflicted on her by a state-court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). To allow such a claim would impermissibly force federal district courts to sit in review of the decisions of state courts. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995).

The magistrate noted that "Knox's request for relief states that she is seeking 'declaratory relief voiding previous and current orders.'" (Docket #4 at 3 (quoting (Docket #1 at 11)). "She does not ask for any monetary damages or any other relief, beyond generally requesting 'other relief the court deems appropriate and for such other relief to which plaintiff is entitled at law or in equity.'" *Id.* at 3–4 (quoting (Docket #1 at 11)). Magistrate Joseph correctly concluded that voiding orders of a state court is precisely the sort of relief proscribed by *Rooker–Feldman*. *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, Knox has asked for something the Court cannot give.

Knox's objections, while numerous, do not meaningfully address this fundamental defect in her complaint, and so they need not be considered in detail. Knox asserts that the decisions she challenges were non-judicial in nature, (Docket #6 at 2), but her complaint demonstrates that in reality, she simply thinks that the state court judges got things wrong in her case. Nor were the challenged actions ministerial, as Knox seems to believe, *id.* at 5; rather, they were ordinary instances of adjudication inherent in the work of the state court, *Whitehead v. Discover Bank*, 118 F. Supp. 3d 1111, 1115–16 (E.D. Wis. 2015). In the end, whether Knox thinks that the judges or other defendants made errors is not important; what matters is that she wants this Court to review orders of the state court and substantively alter them. This the Court cannot do.

The Court appreciates that it must generously construe submissions made by *pro se* parties. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even a layperson can be expected to say, in plain language, what relief he or she wants the Court to provide. The Court cannot disregard Knox's actual request for relief—to void orders of the state court—and conjure up some other, perhaps more appropriate forms of relief to substitute in its place.[1] Taking Knox at her word, the Court must dismiss the complaint because of the Court's inability to grant the relief she seeks.

---

[1]Even if the Court tried to do so, it is worth noting that there are no actionable claims for money damages stated in the complaint. The judges are immune from suit for acts taken in their judicial capacity, as is the case here. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Wiemer, as a court-appointed guardian ad litem, is also immune. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *see also Nelson v. Kujawa*, No. 07-CV-741, 2008 WL 2401260, at *2 (E.D. Wis. June 11, 2008) ("[S]tate-appointed guardians ad litem are not state actors subject to liability under 42 U.S.C. § 1983[.]") (citing *Kirtley v. Rainey*, 326 F.3d 1088, 1091

Magistrate Joseph is correct that *Rooker–Feldman* is an insuperable obstacle to Knox's claims. But there is another, independent reason that Knox's complaint should be dismissed: preclusion. As the magistrate noted in her report and recommendation, Knox filed a case substantially similar to this one late last year, in Case No. 17-CV-1637-LA (E.D. Wis.). The case was assigned to Judge Adelman, who dismissed it based on *Rooker–Feldman* and Knox's failure to state actionable constitutional claims against any defendant. *Knox v. Kuhnmuench*, Case No. 17-CV-1637-LA (E.D. Wis.), (Docket #4 at 2–4). Knox filed a motion for reconsideration of the dismissal, but it was denied. *See id.*, (Docket #6). She did not appeal.

Preclusion comes in two forms, but for present purposes the Court need only discuss claim preclusion. Claim preclusion, also known as res judicata, "applies to bar a second suit in federal court when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996). As to the first element, "[a] claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Id.* at 198.

---

(9th Cir. 2003); *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986)). Knox's ex-husband is not a state actor, nor did he conspire with state actors to harm Knox for any class-based reason, so he cannot be sued under Section 1983. 42 U.S.C. § 1985(3); *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Finally, Knox only accuses Arnotti of violating state law, not the Constitution, *see* (Docket #6 at 5); *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009), and any reference to infringement of her constitutional rights based on her status as a "Moorish American," sovereign citizen, or the like is a non-starter, *Bey v. State*, 847 F.3d 559, 560 (7th Cir. 2017); *Moorish Nat'l Republic: Fed. Gov't Moorish Divine & Nat'l Movement of the World v. City of Chi.*, No. 10–CV–1047, 2011 WL 2893024, at *7–8 (N.D. Ill. July 19, 2011).

Knox's instant complaint is functionally identical to the one that Judge Adelman dismissed, save that a few additional defendants—all involved in the child custody dispute—were joined in the earlier case. Because the claims and parties are the same, and because a final judgment disposed of Knox's earlier complaint on the merits, she cannot relitigate those claims in a new action. *See Bernstein v. Bankert*, 733 F.3d 190, 226–27 (7th Cir. 2013) (even without exact identity of the facts or legal claims, preclusion arises where the totality of the circumstances shows that the two actions arise from the same transaction or occurrence). Further, although the earlier claims were dismissed largely for want of subject-matter jurisdiction, Knox cannot relitigate the merits of the *Rooker–Feldman* problem in a successive case. *See Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981). In short, Knox should have appealed the earlier dismissal if she thought it erroneous, but she cannot take another stab at the same allegations before a different district judge and hope for a better result. Thus, for all these reasons, the Court adopts Judge Joseph's report and recommendation in full and will dismiss Plaintiff's complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #6) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #5) be and the same is hereby **ADOPTED in full**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge